**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Judy Carrillo, | No. CV-25-02881-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Pinal County Government, et al., | |
| Defendants. | |

Plaintiff Judy Carrillo initiated this case by filing a Complaint (Doc. 1) and an Application to Proceed *In Forma Pauperis* (Doc. 2).

**I.**

Plaintiff did not pay the filing fee, so the Court must screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2). That statute provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal--
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

Since April 2024, Plaintiff has filed 81 cases in the District of Arizona—ten in August 2025 alone. Many cases were dismissed by the Court for failure to prosecute after

Plaintiff failed to file an amended complaint in accordance with the Court's orders.[1]

In July 2024, this Court found that this "Plaintiff is abusing the Court's process for *in forma pauperis* litigants, which is intended to ensure access to the justice system for claimants who cannot afford to pay the filing fee."[2] The Court observed that "Plaintiff's multitude of cases, which Plaintiff shows no sign of prosecuting beyond filing the initial Complaint, will evidently only result in an unnecessary expenditure of the Court's resources."[3] These resources are supplied by public funds and they are limited. This Court must protect its resources with vigilance such that that *pro per* litigants with colorable claims have access to an efficient justice system. *See* 28 U.S.C. § 1915(e)(2).

After reviewing Plaintiff's Complaint, her litigation history in this Court, and the standards established in 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), the Court finds that it is appropriate to deny Plaintiff's Application to Proceed *In Forma Pauperis*. (Doc. 2) If Plaintiff intends to prosecute this case, she must pay the filing fee and proceed as other litigants in this Court do.

## II.

The Court has the inherent authority to *sua sponte* require a party to replead, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, when a "pleading is so vague or ambiguous that [a] party cannot reasonably prepare a response." *See Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1275 (11th Cir. 2006) ("We also remind district courts of their supervisory obligation to *sua sponte* order repleading pursuant to Federal Rule of Civil Procedure 12(e) when a shotgun complaint fails to link adequately a cause of action to its factual predicates."); *Cobb v. Marshall*, 481 F. Supp. 2d 1248, 1259 (M.D. Ala. 2007) ("Although Defendant did not expressly request the remedy available to him under Rule 12(e), the court has the 'inherent authority' to act on its own and sua sponte direct a plaintiff to replead a complaint." (quoting *Fikes v. City of Daphne*, 79 F.3d 1079,

---

[1] *See* 24-CV-00772-PHX-SMM, 24-CV-00808-PHX-DLR, 24-CV-00938-PHX-DWL, 24-CV-00807-MTL
[2] 24-CV-01243-PHX-SMM (Doc. 5 at 2) (denying Plaintiff's application to proceed *in forma pauperis*).
[3] *Id*.

1083 n.6 (11th Cir. 1996))).

The complaint here identifies at least the following claims for relief: defamation, slander, libel, harassment, RICO, and insurance fraud. In a 3-page long single-paragraph narrative, Plaintiff requests $5 trillion in damages and alleges this litany of claims as well as others. Plaintiff, however, fails to allege, in separate counts, the elements of these claims and sufficient facts forming a plausible claim for relief for each claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 680-681 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The Court will therefore *sua sponte* dismiss the complaint with leave to amend.

Within 14 calendar days, Plaintiff may file an amended complaint that raises discernable claims for relief. Plaintiff must clearly designate on the document that it is the "First Amended Complaint." The first amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original complaint by reference.

An amended complaint supersedes the original Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co*., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original Complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original Complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a first amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

A Plaintiff who files an amended complaint must write short, plain statements telling the Court: (1) the constitutional right the Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant violated that Plaintiff's constitutional rights; and (5) what specific injury that Plaintiff suffered because of that Defendant's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

….

….

….

1  **IT IS THEREFORE ORDERED denying with prejudice** Plaintiff's Application
2  to Proceed *In Forma Pauperis*. (Doc. 2)
3  **IT IS FURTHER ORDERED** that the Complaint (Doc. 1) is **dismissed without**
4  **prejudice**. Plaintiff has 14 calendar days from the date of this Order to file an amended
5  complaint.
6  **IT IS FURTHER ORDERED** that, if Plaintiff files an amended complaint, she
7  must pay the filing fee. Her failure to do so will result in this action being dismissed without
8  further notice to Plaintiff.
9  **IT IS FINALLY ORDERED** directing the Clerk of Court to enter a judgment of
10 dismissal of this action without prejudice and without further notice and deny any pending
11 unrelated motions as moot if Plaintiff does not file an amended complaint or fails to pay
12 the filing fee within the established deadlines.
13 Dated this 20th day of August, 2025.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge